### E. W. STRICKLAND v. THE STATE.

No. 13369. Delivered May 21, 1930.
Reported in 28 S. W. (2d) 818.

The opinion states the case.

*Hanson & Allen* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney and *E. T. Branch,* both of Houston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being twelve years in the penitentiary.

The indictment in the present case charged by proper averments that appellant on July 2d, 1929, burglarized a house occupied and controlled by D. H. Brogden with the intent to commit the crime of theft; the indictment then proceeds with the following allegation:

"And the Grand Jury aforesaid do further present that said E. W. Strickland heretofore and prior to the commission by the said E. W. Strickland of said burglary, which is hereinbefore charged against him, he, the said E. W. Strickland under the name of E. W. Stricklin, was duly and legally tried on, to wit, the 21st day of September, A. D. 1925, upon an indictment charging an offense of like character then and there legally pending against him, the said E. W. Strickland under the name of E. W. Stricklin, in the Criminal District Court of said County, and which said court then and there had jurisdiction of said case, the same being numbered 28241 on the docket of said court, and entitled the State of Texas v. E. W. Stricklin, and who was tried and convicted in said cause numbered 28241 under the name of E. W. Stricklin, and he, the same E. W. Strickland, under the name of E. W. Stricklin, was in said court then and there tried and convicted of an offense of a like character as that hereinbefore alleged against him in and by this indictment, he having been convicted on the said 21st day of September, A. D. 1925, in said cause numbered 28,241, of the offense of attempt to commit burglary of a house occupied and controlled by F. P. Clayton, and after the said felony conviction and judgment thereon had become final against him, the said

E. W. Strickland under the name of E. W. Stricklin, he the said E. W. Strickland being the same person as the said E. W. Stricklin, committed the offense of burglary hereinbefore alleged in this indictment."

The averment quoted amply charges the former conviction in such manner as makes an enhanced penalty available if the averments are supported by the evidence.

It was shown upon the trial that the house burglarized in the present case was a gin-house and that on the occasion of the burglary belting of the value of near $250.00 was stolen. The next day appellant sold the belting, claiming it as his own with the explanation that he had a saw-mill which he was giving up and wanted to sell the belting. He gave the name of Finn, and accepted a check in that name given in payment for the belting. He had tried to sell the belting at another place. Appellant did not testify, but through other witnesses raised an issue of alibi which was submitted to the jury and settled against appellant. By proper evidence the state supported the averments as to the previous conviction of appellant for attempted burglary of Clayton's house with intent to commit theft.

The indictment was attacked for omitting to allege whether the burglary was committed in the daytime or nighttime. The indictment averred that appellant "did break and enter." The house was not a private residence, hence the averment mentioned was sufficient to authorize a conviction for burglary, whether by day or night, if supported—as was done in this case—by proof that force was applied to the building to effect entry. Carr v. State, 19 Tex. Cr. R. 635. (Many other authorities will be found collated in Branch's Ann. Tex. P. C., Sec. 2327.)

The only other question in the case arises on the construction of Art. 62 P. C. which reads as follows:

"If it be shown on the trial of a felony less than capital that the defendant has been convicted of the same offense, *or one of the same nature,* the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The contention of appellant is that the offenses of "burglary" and "attempt to commit burglary" are not of the same nature. We are cited to Long v. State, 36 Texas 6, as supporting in principle the contention. Appellant construes the case as holding that murder and assault with intent to murder are not offenses of the "same

nature." It is doubtful if the expression to that effect can properly be construed as reflecting the opinion of the court as then constituted. It was not necessary to so hold to dispose of the case for the indictment was fatally defective in failing to allege the former conviction. One member of the court based his concurrence in reversal wholly upon the defect in the indictment, the third member dissented generally. However, in any event we would not feel constrained to follow the opinion. Reverting to the exact question now before us, we scarcely see how in reason it can be said that the offense of attempt to commit burglary with intent to steal is not an offense of the "same nature" as the completed offense of burglary with intent to steal. The intent is the same in each case; in one the actual burglary fell short of accomplishment therefore the intent to commit theft was not consummated; in the other the burglary is accomplished, and accused by that act approaches that much nearer to carrying out his intent to steal, which intent in the present case actually was achieved. In Muckenfuss v. State, 55 Tex. Cr. R. 216, 117 S. W. 853, there was a prosecution for violation of one feature of what is usually referred to as the "Sunday Law," and increased punishment sought by averments of prior convictions for violating the same law. While the offense in that instance was a misdemeanor and here a felony what was there said as to the proper interpretation of the statute is applicable here. We quote:

"The statute should receive a reasonable and sensible interpretation. It was meant, evidently, to authorize courts and juries to inflict punishment on persons who had shown a flagrant disregard, or exhibited a contemptuous defiance of the law in respect to particular offenses."

So in the present case, notwithstanding the former conviction of appellant, it appears that in continued disregard for the property rights of other people he persisted in further violation of the same law against burglary. In Ex parte Miller, a Michigan case, reported in 34 L. R. A., 398, and Commonwealth v. McDermott, a Pennsylvania case, reported in 24 L. R. A. (N. S.) 431, will be found copious notes regarding identity of offenses and enhanced penalties which will be interesting to the curious who may desire to pursue the subject further. The result of our investigation leads us to overrule appellant's contention that the two offenses mentioned are not of the same nature.

Appellant was represented by counsel on his trial, but no brief is on file. Appellant himself has filed some "writing" all of which

414

has been examined. Many of the things mentioned may not properly be considered by us in our capacity of a reviewing court. We have given attention to those matters which are properly brought forward in the record.

Finding no error therein the judgment is affirmed.

*Affirmed.*