# FRANK LENORE v. THE STATE.

No. 20416. Delivered May 31, 1939.
Rehearing Denied June 23, 1939.

The opinion states the case.

*J. W. McCullough,* of McKinney, and *Floyd Harry,* of Farmersville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is unlawfully possessing whisky for the purpose of sale in a dry area; the punishment, confinement in jail for 400 days.

The punishment was enhanced under the provision of Art. 61, P. C., which reads as follows:

"If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall on a second conviction receive double the punishment prescribed for such offense in ordinary cases, and upon a third or any subsequent conviction for the same offense, the punishment shall be increased so as not to exceed four times the penalty in ordinary cases."

This court has held that the words "same offense" as used in the foregoing article do not mean the identical offense, but an offense of like nature. Kinney v. State, 78 S. W. 225; Muckenfuss v. State, 117 S. W. 853. In the present case the information and complaint set forth two prior convictions of the appellant, one being for the offense of selling intoxicating liquor in a dry area, which conviction was alleged to have occurred on the 29th of July, 1936, and the other being for the offense of transporting intoxicating liquor in a dry area, the conviction alleged to have occurred on the 28th day of June, 1938.

In supporting the averment of a prior conviction for selling intoxicating liquor in a dry area the State introduced a judgment of conviction wherein it was shown that a fine of twenty-five dollars had been assessed against the appellant. It is appellant's contention that the judgment is void for the reason that the minimum fine authorized by the statute was one hundred dollars. The punishment imposed was not of a character different from that authorized by the statute for the offense of selling intoxicating liquor in a dry area. While the judgment imposed a fine below the minimum provided by the statute, the statutory kind of punishment was the same. The

defect of the judgment was not jurisdictional, but merely erroneous, since the court acquired jurisdiction of the person of the appellant and of the subject matter. In re Fanton, 76 N. W. 447. If the judgment had been of a different character than that authorized by the statute appellant might be in a position to assert that it was void, but in view of the fact that the statutory kind of punishment was imposed, such judgment is not subject to be attacked collaterally merely because the minimum penalty assessed was below the minimum authorized by the statute. In re O'Neill, 77 Pac. 660. See also ex parte Burden, 45 Sou., p. 1. We are constrained to overrule the contention that the judgment in question is void.

It is insisted that the offenses of transporting intoxicating liquor in a dry area and possessing intoxicating liquor in such area for the purpose of sale are not of like character. We are unable to agree with this contention. In Johnson v. Commonwealth, 268 S. W. 302, in considering a similar contention, the Supreme Court of Kentucky used language as follows: "The purpose of the whole act was to prevent the unlawful manufacture and sale of intoxicating liquors and to that end many offenses were constructed by the statute and placed upon a practical footing with the actual manufacture and sale, and the same penalties prescribed for such additional offenses. The plain purpose of the increased penalty was to deter the citizen from a second offense of any kind or nature that might interfere with the effectual enforcement of the act; if an individual may one month be guilty of one of the offenses designed to bring about that enforcement, and the following month of another, and so on, without subjecting himself to the increased penalty, the deterrent force of the provision for such penalty would thereby be weakened. A shrewd violator might go through the whole category of offenses denounced by this act, and being careful not to be guilty the second time of the identical offense, never be subject to the enhanced penalty which was designed primarily to bring about an end to such infractions."

In McConnell v. People, 213 Pac. 674, it is shown that conviction was for selling intoxicating liquor and a second for transporting intoxicating liquor. The Supreme Court of Colorado held that the provision for an increased penalty for the second violation applied, although the convictions were for separate offenses under the Prohibition Act.

In Warner v. State, 42 S. W. (2d) 616, we held that under the provision of Art. 62, P. C., the offenses of possessing in-

toxicating liquor for the purpose of sale and selling intoxicating liquor were of the same nature. In Strickland v. State, 28 S. W. (2d) 818, we held that the offense of attempt at burglary with intent to commit theft was of the same nature as burglary with intent to steal.

We disclaim any intention of holding that offenses involving violations of regulatory measures relative to the handling of intoxicating liquor in wet areas and offenses denounced by the statutes prohibiting the traffic in intoxicating liquors in dry areas are of like character.

It appears from the testimony that officers searched appellant's premises and found therein four half-pints of whisky and many broken bottles which had contained whisky. When the officers entered the house appellant ran to a room and proceeded to break a number of bottles containing whisky. The officers not only observed that the liquid from the broken bottles was whisky but testified that such liquor had the odor of whisky. We do not think the testimony of the officers that the broken bottles had contained whisky was inadmissible.

In his argument the district attorney in effect stated to the jury that, under the court's charge on prima facie evidence, they were bound under their oaths to return a verdict of guilty. Upon objection being made to the argument, the court instructed the jury that they had the charge of the court before them. The court plainly instructed the jury that prima facie evidence was merely proof of the case upon which the jury might find a verdict unless rebutted by other testimony in the case; that such evidence was not conclusive, but was to be weighed together with other evidence and in connection with the court's charge on reasonable doubt and the presumption of innocence. We are unable to agree with appellant that the remarks of counsel for the State warrant a reversal of the judgment.

Appellant has brought forward numerous bills of exception which we have carefully examined. To discuss them in detail would require an extended opinion. Suffice it to say that in our opinion the record fails to present reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant earnestly insists that we erred in several respects in the disposition made of this case on original submission.

His first contention is that we erred in not sustaining his objection to the trial court's definition of "prima facie evidence." We have again reviewed the record relative thereto, but see no reason to recede from the views expressed in our original opinion on this subject. The court, in his charge on the subject, followed the language of the statute.

Appellant next complains because the court declined to submit to the jury his special requested charge number five. If the court had given said requested charge, it would have been contradictory to his instruction relative to the rule of prima facie evidence and would also have been a charge on the weight of the evidence.

Complaint is also made because this court declined to sustain appellant's bills of exceptions relative to certain remarks of the assistant district attorney in his opening argument to the jury. We have again carefully reviewed and considered the bills relative thereto, but find nothing therein of such a prejudicial nature as would justify this court in holding the same to be reversible error.

All other matters which appellant has reurged in his motion have received our most careful consideration, and in our judgment none of them reflect reversible error.

Having reached the conclusion that the case was properly disposed of on original submission, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.