MRS. R. G. ANDREWS V. STATE.

No. 24699. March 22, 1950.

*Runge & Hardeman,* San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by complaint and information with the violation of Art. 667-10, Vernon's Ann. P. C., Sec. (a)1, prohibiting the sale of beer on Sunday between the hours of 1 o'clock A. M. and 1 o'clock P. M.

For the purpose of enhancing the punishment to be assessed, it was also charged that appellant had been previously convicted of the offense of possession of liquor for the purpose of sale in a dry area.

Such former offense was alleged to be one of like and similar character to that charged against appellant, and such charge and the evidence admitted over the objection of appellant in support of such allegation is the sole ground of complaint on this appeal.

The minimum punishment for sale of beer on Sunday during the prohibited hours is a fine of $100 (Art. 666-41, P. C.), and the jury assessed such minimum punishment against appellant.

Under the provisions of Art. 61, P. C., such punishment in the event of a prior conviction of an offense of like character could not have been less than double such minimum fine.

The trial court instructed the jury as to the punishment provided by law for the offense charged, and instructed the jury they should double the punishment assessed in the event they found beyond a reasonable doubt that appellant had been previously convicted of a like or similar offense. Appellant did not except to the charge.

The jury having assessed the minimum punishment, it is evident that they did not take into consideration such previous conviction in fixing the punishment.

It may be that the jury was not convinced that the offense of possessing liquor for the purpose of sale in a dry area was "a like or similar offense" to that of selling beer on Sunday during prohibited hours in a wet area.

This, however, is a question of law and not a question of fact. The court must determine whether or not the offenses are of like character. The jury, in such cases, merely determines whether or not the accused was previously convicted of such offense, as an historical fact. See Harbert v. State, 136 Tex. Cr. R. 301, 124 S. W. 2d 1005.

Proof of conviction for the offense of possession of liquor for the purpose of sale in a dry area was not admissible against appellant for impeachment purposes, such offense being a misdemeanor not imputing moral turpitude. See Branch's P. C., p. 103, Sec. 169; and Nattali v. State, 151 Tex. Cr. R. 626, 209 S. W. 2d 930.

Unless therefore such prior conviction was one that could properly be used for the purpose of enhancing the punishment, as provided in Art. 61, P. C., the proof of such conviction was improperly admitted.

An inspector of the liquor control board testified that he had dinner at appellant's cafe and purchased from her a case of beer on Sunday, August 28, 1949, at 12:15 P. M., and that a Mexican employee delivered it.

Appellant denied selling beer to the witness on the occasion, and her testimony was corroborated by that of the Mexican and two other employees.

Under such facts, we are unable to conclude that the admission of such testimony, as to the prior conviction, was not prejudicial to appellant on the issue of her guilt of the present offense.

We are called upon therefore to determine the question as to whether or not the offense of possession of liquor for the purpose of sale in a dry area is an offense of like character as the offense of selling beer on Sunday during prohibited hours, ap-

plicable in wet areas. The precise question does not seem to have been before this court.

Under Art. 61, P. C., the prior conviction must have been for the same offense. "The same offense" as so used means an offense of like character. See Gallagher v. State, 142 Tex. Cr. R. 133, 151 S. W. 2d 819; Kinney v. State, 45 Tex. Cr. R. 500, 78 S. W. 225; and Muckenfuss v. State, 55 Tex. Cr. R. 216, 117 S. W. 853.

In Warner v. State, 118 Tex. Cr. R. 352, 42 S. W. 2d 616, in passing upon a conviction for the offense of possessing intoxicating liquor for the purpose of sale, and the indictment alleging a prior conviction for the sale of intoxicating liquor (both offenses under the Dean Law then in force), Judge Lattimore, in reaching the conclusion that such offenses were of the same nature, said that the question was somewhat difficult and important and expressed the opinion that it was the intention of the legislature "to provide the higher punishment for him who so far approaches the attitude of an habitual criminal, as to follow one conviction by doing that which in substance, nature, and effect is the same offense, and that, though there by some differences, still the substance of the offense, the body of the crime, its collective elements, must be so nearly similar or identical as to justify the higher punishment as for the same offense as that formerly committed * * *"

"* * * Not all violations of what is called the Dean Law are identical or so similar in elements and nature as to enable them to be pleaded and proved as prior offenses of the same nature, but as to the possession for sale, and the sale of intoxicating liquor, we are constrained to hold same of the same nature."

While the offense in the Warner case was a felony, and the article of the statute under consideration was Art. 62, P. C., what was said there applies likewise to a misdemeanor where Art. 61, P. C., is the statute under consideration. See Strickland v. State, 115 Tex. Cr. R. 410, 28 S. W. 2d 818.

In Lenore v. State, 137 Tex. Cr. R. 417, 129 S. W. 2d 657, 659, the offense of possessing whiskey for the purpose of sale in a dry area was the charge, and a prior conviction of transporting intoxicating liquor in a dry area was alleged as one of like character. The contention that such offenses were not of like character was overruled. In such case, Judge Christian, speaking for this court, said:

"We disclaim any intention of holding that offenses involving violations of regulatory measures relative to the handling of intoxicating liquors in wet areas and offenses denounced by the statutes prohibiting the traffic in intoxicating liquors in dry areas are of like character."

The offense presently charged, and the offense of which appellant is alleged to have been previously convicted are both violations of Art. 667, Vernon's Ann. P. C.

The offense presently charged against appellant is a regulatory measure. She held a license and, being in a wet area, was permitted legally to sell beer at her cafe. Sale, however, was restricted on Sunday, a sale during the hours from 1 o'clock A. M. to 1 o'clock P. M. being made an offense.

The prior offense, on the other hand, is not a regulatory measure, but is a statute prohibiting sale or possession for the purpose of sale of intoxicating liquor, effective only in such areas as have been declared to be dry areas as a result of a local option election.

The substance of the present offense is the sale of beer by a licensee legally permitted to sell such beer at the place where it was allegedly sold during certain prohibited hours. The possession of such beer at such time and place for the purpose of sale was not unlawful.

On the other hand, the prior offense was for the possession of intoxicating liquor at a place where such possession, if for the purpose of sale, was unlawful.

We are unwilling to hold that such offenses are the same, or that they are of like character.

The judgment is therefore reversed and the cause remanded.

Opinion approved by the court.