## GEORGE H. GRAHAM V. STATE.

No. 26,485. June 27, 1953.
State's Motion for Rehearing Denied (Without
Written Opinion) October 14, 1953.

*Sam B. Spence,* Wichita Falls, for appellant.

*Jimmy Castledine,* County Attorney, Wichita Falls, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense charged in the first count of the information is the unlawful transportation of whisky in a wet area without a permit.

In connection therewith and for the purpose of enhancing the punishment under Art. 61, V. A. P. C., it is alleged that appellant had been, prior thereto, convicted of transporting liquor in a dry area.

The jury expressly found appellant guilty under both counts and assessed his punishment at a fine of $300 and 60 days in jail.

It is insisted by the appellant that the unlawful transportation of whisky in a dry area is not the same offense or an offense of the same or similar character as that of the unlawful transportation of whisky in a wet area without a permit, and could not therefore be utilized to enhance the punishment in this case.

In determining the question thus presented, two statutes must be examined:

By Art. 666-4(a), V. A. P. C., it is unlawful to transport

whisky in a wet area without a permit of the class required for such privilege. The offense thereby created rests not in the transportation of the whisky but in the fact that the transportation is without a permit. The absence of the permit, then, is an essential element of that offense, without which there is no offense under the statute.

By Art. 666-4(b), V. A. P. C., it is unlawful to transport whisky in a dry area. The essential element of such offense lies in the fact of transportation in the particular area mentioned.

It is apparent, therefore, that the first offense is one arising out of and in the nature of a regulation or regulatory measure, while the other offense is entirely prohibitory. Therein lies the distinction between the two offenses. One is regulatory; the other, prohibitory.

The case of Andrews v. State, 154 Tex. Cr. R. 392, 228 S. W. 2d 173, appears to be in point and here controlling.

In that case the issue was whether the selling of beer on Sunday between the prohibited hours (Art. 667-10, Sec. (a) (1) V. A. P. C.) was an offense of like character to that of possessing liquor for the purpose of sale in a dry area (Art. 666-4(b), V. A. P. C.). The conclusion that the offenses were not the same or of like character was founded primarily upon the proposition that one was regulatory and the other was prohibitory. See, also, Lenore v. State, 137 Tex. Cr. R. 417, 129 S. W. 2d 657.

From what has been said, it is apparent that appellant's contention is well taken and that the two offenses named in the information were not offenses of the same nature, within the meaning of Art. 61, V. A. P. C.

Other matters appearing in the record will not likely arise upon another trial, and for that reason are not discussed.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.