## IRA FULLYLOVE V. STATE.

No. 26,557. November 4, 1953.

*Thomas H. Howard* and *W. R. Sessions,* by *W. R. Sessions,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Blackburn,* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted in the County Criminal Court No. 2 of Dallas County, Texas, of the offense of transporting an alcoholic beverage, etc., on a public street and highway in Justice Precinct No. 2 of said county, it being alleged that said precinct was a dry area.

In order to enhance the punishment in the event of a conviction, the state pleaded three previous convictions, claiming the same to have been of a like or similar character.

It is noted that in the original charge herein the appellant is claimed to have transported wine and whisky in said dry area.

The first offense attempted to be utilized for enhancement purposes charged appellant with having been duly, legally and finally convicted in Cause No. 1491-B in said court. It is evident from the record presented to us that said cause is based upon the charge that appellant possessed for the purpose of sale beer and untaxed beer without having a license issued by the State Liquor Control Board authorizing the possession of such beer.

The second offense pleaded, for the purpose of enhancing the penalty, is Cause No. 679-B in this same court in which appellant was charged with and duly convicted in said cause of transporting an alcoholic beverage, to-wit, whisky, in a wet area without a permit.

The third allegation offered for the purpose of enhancement of the punishment is based upon Cause No. 361-B in the same court, the charge therein being the unlawful possession of liquor for the purpose of sale without having a permit issued by the State Liquor Control Board authorizing the sale and possession of such liquor.

It will be noted that none of the matters offered for the purpose of enhancing the punishment referred to the possession or transportation or sale of intoxicating liquor in a dry area, but all enhancement offerings are concerned with the handling of liquor without a proper permit relative thereto.

We recently held in Graham v. State, our No. 26,485, (page 52, this volume) 260 S. W. (2d) 887, that the first allegation therein charged against the accused was a prohibitory regulation and that the remaining three regulations set forth and proven against him were regulatory in their nature and merely regulated the lawful sale or possession of intoxicating liquor. See Andrews v. State, 154 Tex. Cr. R. 392, 228 S.W. (2d) 173; and Lenore v. State, 137 Tex. Cr. R. 417, 129 S.W. (2d) 657.

Under the authority of these cases, we think the last three convictions offered for the purpose of enhancing the punishment should not have been utilized therefor, the primary offense being for transporting intoxicating liquor in a dry area.

Therefore, the judgment is reversed and the cause remanded.