## FERMAN PIERCE V. STATE

No. 27,137. November 3, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 8, 1954

*Benjamin Kucera* and *Burks & Brown,* by *Burton S. Burks,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of whisky in a dry area, with a prior conviction of an offense of like character alleged to enhance the punishment; the punishment, a fine of $1,000.00.

Inspector Bailey of the Texas Liquor Control Board testified that he was working under cover in the city of Lubbock on the day charged in the information and that, in company with his supervisor Mr. Black, he drove to a certain address in that city and purchased one pint of whisky from the appellant, whom he identified on the trial.

Supervisor Black testified that he went with Bailey to the address in question after dark, that he remained in the automobile, saw the appellant admit Bailey to the house, and later saw the appellant let Bailey out the door, and that Bailey had a pint of whiskey when he returned to the automobile.

Appellant did not testify, but offered his brother and Mr. Blasengame, who both testified that the appellant was not at home in Lubbock on the day in question but was in Dickens County hunting birds for the entire week involved.

The jury resolved this disputed issue of fact against the appellant, and we find the evidence sufficient to support the conviction.

Bill of Exception No. 4 relates to that portion of the court's charge concerning appellant's alibi, which reads as follows:

"In this case the defendant has introduced testimony and evidence to the effect that he was at a different place in a different county at the time of the alleged offense in Lubbock County, Texas, as alleged in the information. Now, if you believe that the defendant was at a different place in a different county at the time he is alleged to have committed the offense in Lubbock County, Texas, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

Appellant objected on the grounds that the charge shifted the burden of proof, placed a greater burden on the accused than the law requires, and because it submitted to the jury issues of fact not required to be proven in order to establish the defense of alibi.

In Leahy v. State, 111 Texas Cr. Rep. 570, 13 S.W. 2d 874, in discussing a complaint as to the court's charge on alibi, we said, "This submitted appellant's defense practically as it came from the mouth of his witnesses," which we think might be said with equal force in discussing the case before us.

Recently, in Fite v. State, 158 Texas Cr. Rep. 611, 259 S.W. 2d 198, where the court instructed the jury to acquit appellant if he were at 900 Houston Street in the city of Amarillo and not at the Nollner Service Station, we said, "The evidence raised no issue of alibi other than that he was at 900 Houston Street in Amarillo at the time of the robbery, and could not therefore have been the robber."

Under the facts before us, we perceive no error in the charge as given.

Bills of Exception Nos. 5 and 6 relate to alleged improper cross-examination of appellant's brother. In addition to his testimony supporting appellant's defense of alibi, the witness on his direct examination testified about the appellant's poor health, his inability to work, and his manner of making a living, which he did not depict as a lucrative one. On cross-examination the state was permitted to question the witness, over appellant's objection, about an airplane which he had owned and the kind of automobile the appellant drove. The financial condition of the appellant would not have been admissible as original evidence, but where his own witness testifies that the appellant made his living by playing a minor role in the house painting business we think it was proper for the state to be permitted to show on cross-examination that he bore the signs of affluence.

Appellant next complains of the asking of the following question:

"Just one question, Mr. Pierce, now I'm asking you this, whether or not you know of your own knowledge—do you know of your own knowledge whether or not your brother, Ferman Pierce, is a wholesale liquor dealer in Lubbock County, Texas?"

The question was not answered. The trial court sustained appellant's objection and instructed the jury not to consider the question.

Appellant contends that this was an effort on the part of the state to attack the appellant's reputation which had not been placed in issue. The charge in this case was for selling whisky, and it included in it an allegation of a prior conviction for possessing intoxicants for the purpose of sale. The question did not make a direct assertion of a fact. We cannot bring ourselves to conclude that the asking of the question, standing alone, constitutes reversible error.

Recently, in Smith v. State, No. 27,049, (page 531, this volume), 272 S.W. 2d 371, where the accused admitted having been convicted in three prior cases involving intoxicating liquor, we held it was not reversible error for the prosecutor to tell the jury in his argument that the appellant had been a bootlegger all her life.

Finding no reversible error, the judgment of the trial court is affirmed.