CORNELIUS HILL V. STATE

No. 28,165. March 14, 1956.

Appellant's Motion for Rehearing Overruled.
May 9, 1956.

Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) June 13, 1956.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the sale of whiskey in a wet area without having procured a permit from the Texas Liquor Control Board, with prior offenses of like character alleged to enhance the punishment; the punishment, one year in jail and a fine of $1,000.00.

An employee of the Texas Liquor Control Board testified that he went to a certain address in the city of Houston after midnight on the day charged in the information and there purchased from the appellant two half pints of whiskey, that he returned approximately one-half hour later and purchased still another one-half pint.

His testimony was corroborated by Police Officer Farris.

The prior convictions were established, and the appellant was identified as being the person therein convicted.

The appellant did not testify and offered no evidence in his own behalf.

Appellant contends that the court erred in admitting into evidence, over his objection, an affidavit of Coke R. Stevenson, Jr., Administrator of the Texas Liquor Control Board, in which he certifies that he is the custodian of the records of said board and that he had searched the same and found no record of a license to sell alcoholic beverages having ever been issued to the appellant.

The objection was that he was denied the right to cross-examine the witness. In Fite v. State, 158 Tex. Cr. Rep. 611, 259 S.W. 2d 198, this court held that the provisions of Article 3731a, V.A.C.S., were applicable to criminal cases.

Section 5 of said act provides:

"A written statement signed by an officer having the custody of an official record, or by his deputy, that after diligent search no record or entry of a specified tenor is found to exist in the records of his office, accompanied by a certificate as above provided, is admissible as evidence that the records of his office contain no such record or entry."

No objection was made that the terms of Section 3 of said act had not been complied with, and therefore we are not called upon to pass upon the question of surprise.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

It is now contended that the prior misdemeanor convictions alleged to enhance the punishment were not available for that purpose because they were not for offenses of like character to the presently charged offense.

The prior convictions were each for the offense of selling liquor on Sunday, in violation of Art. 666-25, Sec. c, V.A.P.C., whereas the presently charged offense is the violation of Art. 666-4, Sec. a, V.A.P.C.

Both statutory provisions are applicable to wet areas where the sale of whisky is lawful provided that the right or privilege is granted by some provision of the Texas Liquor Control Act. Articles 666 - 667 V.A.P.C.

Article 666-4 V.A.P.C. provides that such right and privilege so granted may be enjoyed and exercised only in the manner provided in said act.

The sale of whisky in a wet area without a permit of the class required for such privilege is unlawful. Art. 666-4, Sec. a, V.A.P.C., and the sale of liquor in a wet area on Sunday is unlawful. Art. 666-25, Sec. c, V.A.P.C. The punishment for each of such offenses is to be found in Sec. 41 of Art. 666, V.A.P.C.

It follows that no person may exercise or enjoy the privilege of selling whisky in a wet area on Sunday, nor may he so sell without securing the required permit.

We have held that the sale of beer on Sunday by licensee in a wet area and the possession of intoxicating liquor for the purpose of sale in a dry area are not offenses of like character. Andrews v. State, 154 Tex. Cr. R. 392, 228 S.W. 2d 173.

We decline to extend the rule there stated to violations of the law regulating the sale of whisky in a wet area, and hold that the offense of selling whisky on Sunday and that of selling whisky without a permit in a wet area are offenses of like character and are "convictions for the same offense" as that term is used in Article 61 P.C.

Appellant's motion for rehearing is overruled.

DAVIDSON, Judge, dissenting:

I cannot agree to the affirmance of this conviction and therefore enter my dissent.

The primary offense charged in the information was a violation of a regulatory measure—that is, the sale of intoxicating liquor in a wet area without a license or permit (Art. 666-4, Sec. (a), Vernon's P.C.)

The act there made unlawful becomes so only by the absence of a permit or license. Hence, the offense created is a regulatory measure, only—that is, the regulating of the sale of liquor where it is lawful to sell.

The prior convictions alleged were for the violation of a prohibitory measure—that is, the sale of whisky on Sunday (Art. 666-25, Sec. (c), Vernon's P.C.). The unlawful acts, there, were in violation of an absolute prohibition, for no person has the right to sell whisky on Sunday at any time, anywhere, or any place, with or without a permit.

Offenses involving a violation of a regulatory measure and offenses involving a violation of a prohibitory statute are entirely different, one from the other, and, therefore, are not and cannot be the same, or similar, under Art. 61, P.C.

It follows that the prior convictions here relied upon and used to enhance appellant's punishment were not for the same or similar offense as that for which appellant was then upon trial. See: Andrews v. State, 154 Tex. Cr. R. 392, 228 S.W. 2d 173; Graham v. State, 159 Tex. Cr. R. 52, 260 S.W. 2d 887; Fullylove v. State, 159 Tex. Cr. R. 120, 261 S.W. 2d 711.

If this case is to be affirmed under the information in the case, then the above cases and all others to the same effect should be overruled, for the construction placed upon Art. 61, P.C., by the opinion in this case, authorizes enhancement of punishment in a misdemeanor case when a prior conviction for any misdemeanor offense is alleged and proved. This, Art. 61, P.C., expressly does not authorize.

The appellant's motion for rehearing should be granted and and the judgment of conviction reversed and the cause remanded.