

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 8, 1959

Honorable Edna Cisneros
County Attorney
Willacy County
Raymondville, Texas

Opinion No. WW-537

Re: Are the offenses of "Hunting
at night", Art. 887, P. C.,
and "Killing a wild turkey
hen", Art. 877, P.C., of
like nature for the purpose of
enhancement of penalty under
Art. 61, P. C., and related
questions.

Dear Miss Cisneros:

In your request for an opinion from this office, you have asked
the following questions:

1. Under Article 61 of the Penal Code, providing that "If it
be shown on the trial of a misdemeanor that the defendant has been once
before <u>convicted of the same offense</u>, he shall on a second conviction
receive double the punishment prescribed for such offense in ordinary
cases, and upon a third or any subsequent conviction for the same offense,
the punishment shall be increased so as not to exceed four times the pen-
alty in ordinary cases", are the offenses of "hunting at night" (Article
887 of the Penal Code) wherein the defendant was charged with hunting a
deer at night, and "killing a wild turkey" (Article 877 of the Penal Code)
the same offense or the same type offense for the purposes of the above
Article 61?

2. Can you also, since these are game violations, construe the
illegal possession or use of nets (Article 978j as pertaining to Willacy
County, Texas, Acts 1933, 43rd Leg., Spec. L., p. 36, Ch. 29) as the same
type of offense as the two above (in question No. 1) for effective prose-
cution under Article 61?

3. Can game violation cases be taken to any Justice of the
Peace in the County?

Article 877 of the Penal Code reads as follows:

"It shall be unlawful for any person to take, kill,
wound, shoot at, hunt or possess, dead or alive, any wild
turkey hen at any season of the year except as <u>herein</u>
<u>after</u> provided.

"Any person violating any of the provisions of this Article shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than Twenty-Five ($25.00) Dollars nor more than One Hundred ($100.00) Dollars."

Article 887 of the Penal Code reads as follows:

"It shall be unlawful to kill, hunt or shoot at any wild bird, wild game bird, wild fowl, or wild game animal protected by this Act at any season of the year, between one-half hour after sunset and one-half hour before sunrise in any county in this State. Any person violating any provision of this chapter shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than Twenty-Five ($25.00) Dollars, nor more than One Hundred ($100.00) Dollars, and each bird or animal so killed shall constitute a separate offense."

Article 978j of the Penal Code with regard to Willacy County (Acts 1933, 43rd Leg., Spec. L., p. 36, ch. 29, reads as follows:

"Section 1. It shall be unlawful to use a seine, net or trawl or to have in possession a seine, net or trawl in or on any of the tidal waters of Willacy County west of Padre Island; provided, however, that nothing contained in this Act shall prohibit the use of a cast net for taking bait.

"Section 2. Any person violating any provision of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be fined in a sum not less than Twenty-Five Dollars ($25.00) nor more than Two Hundred Dollars ($200.00).

"Section 3. All laws or parts of laws, in so far as they may conflict with the provisions of this Act, be and the same are hereby repealed.

"Section 4. The fact that the owners of land abutting on the Laguna Madre have donated valuable tracts of land to the Raymondville Post of the American Legion for recreational purposes for the benefit of the entire public and that the marine life of such waters cannot be properly conserved, and that such recreational advantages cannot be properly developed if seines, nets and trawls are permitted to be used, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills be read on

three separate days be suspended, and the same is hereby suspended, and this Act shall be in full force and effect from and after its passage, and it is so enacted."

The phrase "same offense", as used in Article 61 of the Penal Code, which Article is quoted in full in Question 1 above, means an "offense of like nature". Lenore v. State, Tex.Crim.App., 129 S.W. 2d 657 (1939).

In Andrews v. State, Tex.Crim.App., 228 S.W. 2d 173 (1950), the appellant was charged with the offense of selling beer on Sunday between the hours of 1 o'clock A.M., and 1 o'clock P.M. For the purpose of enhancement of the punishment as provided in Art. 61, P. C., it was also charged that appellant had been previously convicted of the offense of possession of liquor for the purpose of sale in a dry area. On pages 175 and 176, it was stated:

"The offense presently charged, and the offense of which appellant is alleged to have been previously convicted are both violations of Art. 667-1 et seq., Vernon's Ann. P. C.

"The offense presently charged against appellant is a regulatory measure. She held a license and, being in a wet area, was permitted legally to sell beer at her cafe. Sale, however, was restricted on Sunday, a sale during the hours from 1 o'clock A.M. to 1 o'clock P.M. being made an offense.

"The prior offense, on the other hand, is not a regulatory measure, but is a statute prohibiting sale or possession for the purpose of sale of intoxicating liquor, effective only in such areas as have been declared to be dry areas as a result of a local option election.

. . .

"We are unwilling to hold that such offenses are the same, or that they are of like character."

You state that the Defendant was charged with hunting a deer at night. Deer of the proper species and sex may be hunted during season with a valid permit. We hold, therefore, in answer to Question 1, that Article 887, P. C., prohibiting hunting at night, is a regulatory Act, while Article 877, P. C., prohibiting the hunting of turkey hens, is a prohibitory Act, and therefore the two acts are not of like nature, and a conviction under either Act cannot be used to enhance the penalty for a violation of the other Act under Article 61 of the Penal Code.

In _Warner_ v. _State_, Tex.Crim.App., 42 S.W. 2d 616 (1931), the Court said at page 617:

". . . we think it wrong to lay down the rule that offenses possessing only a single element of sameness are therefore the same or of the same nature; . . . Every rape, equally with every murder, is based on a necessary assault. Every bigamy and every swindling proceeds on the basic theory of fraud, but it would not do at all to say that these were therefore the same offenses, or offenses of the same nature."

The provisions of Article 978j, P. C., prohibiting the use or possession of nets and seines in the tidal waters of Willacy County west of Padre Island, is a special law, which can only be violated in Willacy County. The purpose of the Act, as stated in Section 4 thereof, seems to be as much for protecting recreational advantages on land donated to an American Legion Post as it is for protecting marine life.

Article 877, P. C., is a general law designed to conserve and increase the stock of wild turkeys throughout the entire state, by protecting the female of the species from extermination; while we have held above that Article 887, P. C., is a regulatory Act. We, therefore, hold, in answer to question 2, that Art. 978j, P. C. (Acts 1933, 43rd Leg., Spec. L., p. 36, ch. 29) is not an offense of like nature as either Art. 877, P. C., or Art. 887, P. C., and a conviction under any of these three offenses may not be used to enhance the penalty under Article 61, P. C., upon a subsequent trial for a violation of any of the other three cited Articles.

Articles 60a, 60a-1 and 60a-2 of the Code of Criminal Procedure (H. B. 342, Acts 48th Leg., pp. 424 - 425), attempts to place a restriction on which Justice Court may take jurisdiction of a misdemeanor case by reason of where the alleged offense was committed or where the defendant lives. In Attorney General's Opinions No. O-6940 (1945) and No. V-496 (1948), it has been held that these statutes are unconstitutional, and that a misdemeanor complaint may be filed in any precinct within the county where the offense was committed, without regard to the precinct in which such offense was committed. In answer to Question 3, we hold that these two opinions, and the authorities cited therein, are applicable to all misdemeanors (including game law misdemeanors) over which the Justice Court, by reason of the maximum punishment allowed by law, has original jurisdiction.

## SUMMARY

1. Article 877, P.C., prohibiting the hunting of turkey hens, and Article 887, P. C., prohibiting hunding at night, are

not offenses of like character so that a conviction of either of them may be used upon a subsequent trial for a violation of the other Article to enhance the penalty under Article 61, P. C..

2. The provisions of Article 978j of the P.C., a special law prohibiting the use or possession of nets and seines in the tidal waters of Willacy County west of Padre Island, is not an offense of like nature as either Article 877, P.C., or Article 887, P.C., and a conviction under any of these three offenses may not be used to enhance the penalty under Article 61, P.C., upon a subsequent trial for a violation of any of the other three cited Articles.

3. A complaint charging a misdemeanor over which a Justice Court has jurisdiction, may be filed in any Justice Court within the County in which the alleged offense occurred.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Riley Eugene Fletcher
Assistant.

REF:aw

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman

Houghton Brownlee, Jr.
J. Arthur Sandlin
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W. V. Geppert