## FRED COX V. STATE

No. 31,525. March 2, 1960

Motion for Rehearing Overruled April 13, 1960

*Burt Barr*, Dallas, *Jack Morgan* and *Jess Rickman*, Kaufman, for appellant.

*Leon Douglas*, State's Attorney, Austin for the state.

DICE, Judge.

The conviction is for the unlawful sale of whisky in a dry area with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, a fine of $1,000.

Joe R. House, an undercover agent for the Texas Liquor Control Board, testified that on the day in question while he was traveling on a highway in Kaufman County he met the appellant driving a pickup truck; that they both stopped and engaged in a conversation in which he told appellant he wanted a pint of whisky and appellant said "Okay. Go on out the road, drive slow and wait on me and I'll catch up with you;" that they then parted company and he drove down the road where he parked and waited until appellant returned some thirty minutes later; that he then proceeded to follow the appellant to a farm house where he was again told to wait; that the appellant left and returned in approximately fifteen minutes with a pint bottle of J. W. Dant Whisky which he handed to the witness who in return handed the appellant $5.00. The pint bottle of whisky, after being properly identified, was introduced in evidence.

Proof was made by the state that appellant had been previously convicted of the offense of unlawfully transporting intoxicating liquor in a dry area as alleged in the information.

As a witness in his own behalf, appellant denied having any conversation or transaction with agent House relative to the sale of the whisky; denied selling him any whisky and stated that the first time he saw agent House on the day in question was when he came to the farm house and placed appellant under arrest. Appellant called his father as a witness, who testified that he was with appellant on the day in question and corroborated the appellant in his denial of the sale of whisky to agent House.

Appellant insists that the court erred in overruling his motion to quash that portion of the information alleging the prior conviction on the ground that the offenses of unlawfully selling intoxicating liquor in a dry area and unlawfully transporting intoxicating liquor in a dry area are not offenses of like character. In Lenore v. State, 137 Tex. Cr. R. 417, 129 S. W. 2d 657 the offenses of transporting liquor in a dry area for the purpose of sale and possessing intoxicating liquor in a dry area for the purpose of sale were held to be offenses of like character. Such holding is here applicable and controlling; hence no error is shown.

Appellant insists that the court erred in refusing to charge the jury upon the law of entrapment and upon the law relative to the right to convict upon accomplice testimony. We find

no error in the court's refusal to so charge the jury. The evidence only shows that Officer House furnished the opportunity for appellant to commit the offense and does not show that he induced appellant to act in a manner in which he would not have otherwise acted. Under such evidence a charge on entrapment was not required. Thomas v. State, 163 Tex. Cr. R. 308, 290 S. W. 680. Art. 666-23a, V.A.P.C. provides that upon a trial for violation of the Texas Liquor Control Act a conviction may be had upon the uncorroborated testimony of an accomplice. Under this statute a charge on accomplice testimony was not required. Carpenter v. State, 138 Tex. Cr. R. 354, 135 S.W. 2d 1002.

Appellant's remaining contention is that the court erred in refusing to declare a mistrial when the county attorney, in his closing argument to the jury referred to the appellant as a "bootlegger." It is certified in the bill of exception that appellant's objection to the argument was by the court sustained and the jury instructed not to consider the same. The record reflects that while testifying as a witness in his own behalf appellant admitted that he had been previouely convicted for transporting intoxicating liquor in a dry area. Under the evidence adduced and in view of appellant's admission of the prior conviction and the court's instruction the argument complained of was not such as to require a mistrial. Smith v. State, 160 Tex. Cr. R. 531, 272 S. W. 2d 371.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion Approved by the Court.