**Donald V. DUMONT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38659.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Rehearing Denied Feb. 2, 1966.

James J. Shown, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Frederick M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of heroin; the punishment, life.

Undercover Officer Tissue of the Narcotic Squad of the Houston Police Department testified that through the intervention of an informer, Charles Moore, he received a telephone call from a man who identified himself as Don, but whose voice the officer later identified as being appellant's. The officer testified that in this conversation the appellant stated that he would soon receive several thousand dollars worth of heroin and that he (the officer) would be given a chance to see the stuff before buying it. This was followed during the ensuing three weeks by several telephone calls from appellant in which he explained that the delay in the delivery of the heroin was occasioned by a flood on the Rio Grande. On October 29, appellant reported to Tissue that the heroin had arrived and arrangements were made for appellant, Moore and Tissue to meet to effect delivery. The three drove to the point of delivery in two automobiles. Moore, the informer, rode with appellant a portion of the way and with Tissue the remainder. Finally appellant brought his automobile to a halt at a vacant house near a junk yard, and Tissue met appellant. According to Officer Tissue, after lengthy negotiations as to how the money was to be delivered and how the heroin was to be inspected, appellant got out of his automobile, went to an old tire leaning up against the vacant house and removed some packages which were delivered to Tissue at this juncture, Tissue, being

satisfied that his fellow officers who had followed the two automobiles to the rendezvous point were in position to arrest appellant, drew his pistol, demanded the return of his money and gave appellant back the packages. At this moment, the other officers arrived, found the packages in appellant's lap and on the seat where he was sitting and placed him under arrest.

It was shown by the testimony of an expert that the 32 packages contained 29.12 grams of heroin, enough to make approximately five thousand capsules.

Appellant, testifying in his own behalf, stated that Charles Moore had been talking to him for some time about making some money and had told him that if he could get some heroin, he knew where it could be sold. Appellant further stated that one Sorales told him that he knew a man who could get some heroin into this Country and asked him if he knew anyone who might purchase it, that appellant than got in touch with Moore, that Moore brought along Tissue, who was supposed to be Moore's big time buyer, and that the three proceeded to the junk yard where appellant had been told the heroin was concealed. His version of the transaction was that he refused to handle the narcotics, but told Tissue where they were and that Tissue retrieved the packages from the tire.

The jury resolved this conflict in the evidence against the appellant, and we find the evidence sufficient to support the jury finding that appellant had the heroin in his possession and to sustain this conviction.

The Court charged on the defense of entrapment.

We overrule appellant's contention that entrapment was shown as a matter of law. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462.

No reversible error appearing, the judgment is affirmed.