O. D. FLEMING, Appellant,

v.

The STATE of Texas, Appellee.

No. 40562.

Court of Criminal Appeals of Texas.

Jan. 24, 1968.

**310**

C. Benton Musslewhite, Lufkin, for appellant.

James I. Perkins, County Atty., Rusk, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The offense is sale of whiskey in a dry area; the punishment, three months in jail and a fine of $200.00.

The record has been approved, and the case will now be considered on the merits.

Appellant's first ground of error is the trial court's failure to permit him to procure the deposition of Constable McLain who was unable to personally appear and testify because of ill health. Appellant failed to comply with the requirements of Article 39.02, Vernon's Ann.C.C.P., with regard to the taking of depositions by a defendant, and because of such failure his ground of error is overruled. Langston v. State, Tex. Cr.App., 416 S.W.2d 821.

His second and third grounds of error are the court's failure to grant an instructed verdict because the State failed to show a "sale" of whiskey by appellant. State's witness Vernon Lee Hamilton testified that he "purchased a pint of * * * Whiskey from (appellant) and paid (appellant) $5.00" for the whiskey. This testimony was sufficient to show a "sale". See Ridinger v. State, 146 Tex.Cr.R. 286, 174 S.W.2d 319; 50 Tex.Jur.2d 234.

Appellant's fourth and fifth grounds of error which are urged separately relate to answers by State witnesses which he contends were so inflammatory as to require a mistrial. The answers were by Jerry Jones, a Liquor Control Board agent: "I first asked him if he had been to O. D. Fleming's place"; and by Vernon Lee Hamilton: "I have been down there (referring to appellant's house) many times before." Objection was made to each statement immediately; each objection was sustained and the careful trial court promptly instructed the jury not to consider the answers. We are unable to agree that the answers set forth above, coupled with the court's prompt instruction, constitute reversible error.

As his sixth and seventh grounds of error, appellant complains of the failure of the court to find, as a matter of law, that entrapment existed, and to submit an instruction to the jury on the defense of entrapment. The evidence showed that Vernon Lee Hamilton was given $5.00 by Jerry

Jones, and told to go to the appellant and buy some whiskey with the money. In clear view of Jones and two other witnesses, Hamilton did as he was told and purchased a bottle of whiskey from the appellant at appellant's home.

 It is apparent from the record that appellant was selling whiskey in a dry area, and the fact that an officer (or agent of the State) furnishes the opportunity for, or aids the accused in such enterprise, constitutes no defense to such prosecution and requires no charge on the issue of entrapment. Vela v. State, Tex.Cr.App., 373 S.W. 2d 505, and cases cited therein at 507; Cox v. State, 169 Tex.Cr.R. 332, 333 S.W.2d 849; Ridinger v. State, supra. Neither is entrapment shown in such circumstances as a matter of law. Dumont v. State, Tex.Cr.App., 398 S.W.2d 129.

██ Appellant's eighth ground of error is based on the court's failure to include a definition of "sale" in the charge. Such failure was not error. Ridinger v. State, supra.

Finding no reversible error, the judgment is affirmed.