**James Ian SPECTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42849.**

Court of Criminal Appeals of Texas.

May 20, 1970.

———◆———

Joseph (Sib) Abraham, Jr., Sal Rebe, El Paso, for appellant.

Jamie C. Boyd, Dist. Atty., and Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the sale of marihuana; the punishment, ten years, probated.

The sufficiency of the evidence is not challenged, and the only contention of the appellant is that the evidence shows that as a matter of law that he was entrapped.

The record reflects that Lee Vollmer, a deputy sheriff, accompanied by Mack Winkler, who had been arrested earlier that night for possessing marihuana, went to appellant's room at the YMCA in El Paso to purchase some marihuana from appellant. Vollmer saw the light shining under the door and knocked. Appellant then opened the door and invited them into his room. Appellant told them that he had been "blasting pot" and pointed to a half-smoked marihuana cigarette in the room and referred to it as Acapulco gold. After some talk about the price, appellant sold Vollmer enough marihuana to make eight cigarettes for $5.00. Vollmer then asked about a bigger deal, and appellant stated that he could handle up to two hundred pounds of the Acapulco gold type marihuana for $100.00 a pound but he could not take Vollmer to the supplier. After appellant went down the hall to make a telephone call, he stated that he could get only twenty-two pounds on such short notice. It was agreed that delivery of the twenty-two pounds would be made two days later.

Vollmer testified that he intended to wait for the larger amount of marihuana before making the arrest but that the morning newspaper had run a story about Winkler's arrest, and Vollmer then obtained an arrest warrant and went back to the room and arrested the appellant. Other officers accompanied him to make the arrest, and one of them found in appellant's wallet the five $1 bills containing the serial numbers that had been written down by Vollmer before he bought the marihuana.

Appellant testified that he knew Winkler and that he sold the marihuana to Vollmer for $5.00. The reason he gave for making the sale was to get rid of Vollmer and Winkler who had awakened him at that time of the night. He further testified:

"I said, 'I don't want to sell you.' Said, 'Come on; come on; we're good friends.' Here it was the middle of the night. I had examinations the next day. I figured, 'I'll sell you some,' * * *"

and that he had not sold marihuana prior to that time.

The record reflects that enough marihuana was found in the room at the time of his arrest to make eighty cigarettes.

The evidence does not establish entrapment as a matter of law. Dumont v. State, Tex.Cr.App., 398 S.W.2d 129. Assuming that appellant's testimony raised the issue of entrapment, his rights were adequately protected when the court instructed the jury as follows:

"Now, therefore, if you find and believe from the evidence, or if you have a reasonable doubt thereof, that the intent to commit the offense of selling a narcotic drug first originated in the mind of Officer Lee Vollmer and that the defendant was induced to sell a narcotic drug, if he did do so, which he would not have done otherwise except for such inducement, then in that event the same is entrapment, and you will say by your verdict 'Not Guilty'."

See Jones v. State, Tex.Cr.App., 427 S.W. 2d 616.

There was sufficient evidence for the jury to find guilt with no entrapment.

The judgment is affirmed.