# MARCH, 1925.

## BURETTE DEAL v. THE STATE.

No. 8929. Delivered January 7, 1925.

Rehearing denied February 18, 1925.

Motion to file second rehearing denied March 11, 1925.

1.—Manufacturing Intoxicating Liquor—Failure of Appellant to Testify—Reference to.

Where it is shown, that during the progress of the trial the district attorney, in answer to an argument of counsel for appellant, said in the presence of the jury "If he wants to put the defendant on the stand, we will let him be put on," and appellant's bill of exception does not affirmatively show that appellant did not testify on the trial, and there is no statement of facts in the record, no error is presented to this court for review.

2.—Same—Accomplice Testimony—Charge of Court.

While the language of the charge on accomplice testimony in the Campbell case 57, Tex. Crim. Rep. 302 has been criticised as inaccurate in some respects, and as not applicable to every case, the absence of a statement of facts in the instant case does not permit us to determine whether this charge as given, and the refusal of the special charge of appellant was reversible error.

### ON REHEARING.

3.—Same—Statement of Facts—Not Considered.

A statement of facts that is not approved by the trial Judge, will not be considered, and the fact that the trial Judge was in another county, is no excuse for the failure to secure his approval.

99 Tex. Crim.—25.

4.—Same—Jury—Quashing Panel—Bill of Exception.

Where a motion to quash the jury panel is overruled, and no bill of exception to the action of the court is filed within term time, and the truth of the matters averred are not shown by a statement of facts, nothing is presented to this court for review. In the absence of such showing the correctness of the action of the lower court in overruling such motion is sustained.

5.—Same—Application for Leave to File Second Motion for Rehearing—Refused.

Appellant presents an application for leave to file a second motion for rehearing, which is refused. The showing of diligence on the part of appellant with regard to the filing of a statement of facts is not sufficient.

Appeal from the District Court of Eastland County. Tried below before the Hon. E. A. Hill, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty, one year in the penitentiary.

The opinion states the case.

*J. Lee Cearley,* of Cisco, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

There is no statement of the evidence heard upon the trial.

We understand from Bill of Exceptions No. 2 that during the progress of the trial, State's counsel, in the presence of the jury, said:

"If he wants to put the defendant on the stand, we will let him be put on."

This occurred while the appellant's counsel was addressing the court with reference to the admissibility of certain testimony touching declarations of the appellant, the admission of which the State opposed. Appellant objected to the remark, and the court instructed the jury to disregard it. We fail to find anything in the bill showing that the appellant did not become a witness. Complaint of the refusal of the accused to testify cannot be sustained when it is not shown by the bill that the accused did not testify. Quinney v. State, 86 Texas Crim. Rep. 358, 216 S. W. Rep. 882; Tillman v. State, 225 S. W. Rep. 165; Gonzales v. State, 226 S. W. Rep. 405.

The court instructed the jury that the witness Prickett was an accomplice, and informed the jury of the law touching the necessity for corroboration of an accomplice witness. The language selected by the court is like that in Campbell's case, 57 Texas Crim. Rep. 302. This charge has been criticised as inaccurate in some respects and

as not applicable to every case. See Anderson v. State, 95 Texas Crim. Rep. 352, (motion for rehearing). Whether in a given case the use of the charge mentioned or the failure to give an accurate one would work a reversal would depend upon the facts which were before the jury. Without knowledge of the proof that was made, this court is not in a position to determine that in giving the charge mentioned and in refusing the appellant's special charge on the subject of accomplice testimony, harmful error was committed. See Abbott v. State, 94 Texas Crim. Rep. 31; Watson v. State, 90 Texas Crim. Rep. 583.

There was no error shown in refusing to instruct the jury to acquit the appellant. The evidence, aside from that of the accomplice, may have been ample.

In the absence of a statement of facts, the presumption is indulged in favor of the judgment that the evidence was sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that the remarks of the State's attorney during a discussion between counsel for the parties and the court respecting the admission of certain testimony,—to the effect that if "He wants to put the defendant on the stand we will let him be put on," was a reference to the failure of the defendant to testify which ought to be held by us reversible error. The bill as it appears in the record shows that while the trial was progressing and appellant's attorney was making an argument to the court, he referred to what the defendant had said, in reply to which the State's attorney made the remark complained of. This appears to us to be in the nature of an objection on the part of State's counsel to a statement by appellant's counsel as to what he had said, there being nothing before the court to justify appellant's counsel in his reference. The evidence had not closed and it was not then known to State's counsel, apparently, whether the accused would be a witness or not. We do not think it violative of the rules.

Appellant has filed in this record a statement of facts agreed to by both counsel for the State and the defendant, within the time allowed for filing of the statement of facts herein, and asks us to issue a writ of certiorari to compel the perfection of this record. In as much as the statement of facts is not approved by the trial judge, even if it should be properly before us by insertion in the record, we could not consider it. In order eo call upon this court to pass upon a statement of facts, it must bear the approval of the trial judge.

Appellant also asks us to consider another matter which is not properly before us. A motion was made to quash the jury panel upon facts therein stated. The truth of the matters so averred are not made to appear either by a statement of facts or a bill of exceptions filed during term time. In the absence of some such showing we must uphold the correctness of the action of the lower court in overruling said motion.

Being unable to agree with any contention made, the motion for rehearing will be overruled.

*Overruled.*

## ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, Judge—We regret that we can not grant the application for leave to file second motion for rehearing. The showing of diligence on the part of appellant with regard to the filing of statement of facts, is not sufficient. The depositing of said statement of facts, after same had been agreed to by the district attorney and appellant's counsel, with the district clerk within the time required, but without the approval of the district judge, would not justify us in giving said statement consideration, or in ordering the issuance of certiorari to perfect the record, unless there had been a showing of more diligence than here appears. The mere fact that the district judge was in an adjoining county ill, would not justify appellant in making no effort apparently to procure his approval. However, in this connection we might observe that we have examined the statement of facts and if same were before us it would not change our judgment of affirmance.

Leave to file second motion for rehearing is denied.

*Denied.*