### JOHN DAY V. THE STATE.

No. 15604.   Delivered February 22, 1933.
Reported in 57 S. W. (2d) 581.

The opinion states the case.

*J. Lee Cearley,* of Cisco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possession of equipment for the manufacture of intoxicating liquor is the offense; punishment, one year in the penitentiary.

The state's testimony in brief was as follows: J. R. Jenkins, sheriff of Borden county, with two other officers, on the night of March 23, 1931, went out to a pasture known as the Miller place, which was about 9 or 10 miles east of Gail. They started from Gail about 9 or 9:30 o'clock, and arrived at the place where they found a still about 11 o'clock. It was near a tank in a little creek. The still was between the tank dam and the creek. There was a boiler about one hundred steps from the tank and also a mash barrel full of mash. About 20 steps from the boiler was a pit with iron bars across it. The officers remained about 150 or 160 steps from the still during the balance of the night, and about 7:30 o'clock the next morning the witnesses saw the appellant, John Day, drive up in his car with a man by the name of Bob White. The appellant was driving, and stopped the car about 30 steps from the still, and both the appellant and White got out of the car. They saw the appellant get the steel drum and drag it down to the pit and put it over the iron pit. The appellant then got two big paint buckets and started carrying mash from the barrel and putting it in the still. The other man with him, Bob White, took the car and brought some wood back in the car and unloaded it by the furnace. They then made a fire under the still. They also testified that there was a worm with the still that was connected and was ready to make liquor. They further testified that, after the appellant and White had the fire started, they got some fishing poles and went over the dam and started fishing. They waited about an hour, and went and arrested the appellant and the man with him and took them back to where the still was in operation. At that time there had been run about an inch or an inch and a half of whisky in the half-gallon fruit jar. It was also in testimony that, when the appellant and the man White drove up in the car, they got out of the car and unloaded a sack of sugar. There was no other person seen in or near the still by the officers.

The appellant testified that he and his companion had gone to the dam for the purpose of fishing, and had no connection whatever with the still, and denied bringing any sugar to where the still was, and also denied making any fire or starting the still in operation.

Only two bills of exception appear in the record. Bill of exception No. 1 deals with the action of the trial court in over-

ruling appellant's second application for a continuance, which was predicated on the ground that appellant's attorney was suffering with a throat infection that made it difficult for him to be clearly understood in his speech, and his other lawyer was absent from court attending court at Eastland, Texas. It appears from the court's qualification to the bill that the appellant's counsel was present in court at the time the application for continuance was made, and, when, it was overruled, conducted defendant's case very ably and there was no complaint from anyone that said attorney could not be heard; that the jury was as close to counsel as the court and the court distinctly heard every word by said counsel. It is further shown that no proof of any kind was offered in support of said motion. As thus qualified, the bill does not present error.

Bill of exception No. 2 complains of the action of the trial court in refusing to allow appellant's counsel to examine the jurors in detail as to whether or not they were acquainted with the case, the companion case, and the nature of their relationship with the sheriff, etc. The trial court without objection qualified said bill to the effect that during the examination of one juror the court did instruct counsel for appellant to confine himself to the statutory questions, but at that time the juror had said that he had formed an opinion from what he had heard as to the guilt or innocence of the defendant, but that it would not influence his verdict, and the counsel was attempting to have the juror disqualified when the court instructed him that the proper question would be "that from hearsay or otherwise is their established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence him in his action in finding a verdict." The qualification further shows that appellant's counsel challenged said juror peremptorily and his challenge was sustained. The qualification further shows that counsel again began to examine the jury as he saw fit without any objection from the state whatsoever, and was allowed to ask any question that he chose. We think it clear that the right to appear by counsel carries with it the right of counsel to interrogate each juror individually to the end that he may form his own conclusion as to whether in the counsel's judgment he would be acceptable to him or whether on the other hand he should exercise his peremptory challenge to keep him off the jury. See Reich v. State, 94 Texas Crim. Rep., 449, 251 S. W., 1072; Barnes v. State, 88 S. W., 805. But, as the matter is presented, it does not show that the appellant nor his counsel was denied the right to interrogate each juror individually so as to

exercise his peremptory challenge. As the matter is presented, it is not deemed such as to warrant a reversal of the judgment.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.