## JOHNNY LEWIS v. THE STATE.

No. 16098. Delivered November 1, 1933.
Rehearing Denied, Without Written Opinion, December 20, 1933.
Reported in 65 S. W. (2d) 771.

The opinion states the case.

*Guy Cater,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for one and one-half years.

The injured party, Britt McCulloch, was the operator of a filling station. About nine o'clock at night, appellant and another man drove to the filling station and stopped. Appellant entered the office where McCulloch was working on his books. Although he did not know McCulloch, he insisted that he go deer hunting with him. In the meantime appellant exhibited a pistol, which he pointed at McCulloch. At this junction, we quote from the testimony of McCulloch as follows:

"He kept on talking, trying to get me to agree that I would go deer hunting with him, and kept on pointing the pistol at me and flourishing the pistol about. Then he shot me with the pistol. At the time he shot me he had a scowl on his face. I told him 'I am shot,' and he said, 'I don't believe it.'"

The shot took effect in the abdomen, inflicting a serious wound. It required a major operation to save the life of the injured party.

After the shooting, appellant drove away, the proof being to the effect that he drove his car into a telephone post. Witnesses for the state testified that they endeavored to help appellant get his car back into the road, and that he drew a knife on one of them.

Appellant declared that he did not intend to shoot the injured party. He testified that the pistol was discharged accidentally.

It is shown in bill of exception No. 1 that appellant sought a continuance on the ground that one of his attorneys had recently been ill with influenza and was unable to properly represent him. The court qualified the bill to the effect that the attorney referred to in the application represented appellant throughout the trial and ably presented his case to the jury; that he questioned all of the witnesses during the three days of the trial, and at the conclusion of the evidence made an argument to the jury lasting forty-five minutes; that he at no time appeared to suffer from the effects of his recent illness; that he appeared healthy at the time of the trial; that he was assisted in the trial by co-counsel. As qualified, the bill fails to present error. See Day v. State, 57 S. W. (2d) 581.

Bills of exception 2 to 4, inclusive, relate to the action of

the trial court in permitting proof on the part of the state to the effect that approximately thirty minutes prior to the assault upon the injured party appellant drove into another filling station, pressed a pistol into the ribs of the operator and, in effect, threatened to kill him if he did not hurry and fill his tank. These bills are qualified by the trial court as follows:

"This bill is approved with the following qualifications:

"That the defendant, while a witness for himself, upon direct and cross-examination, testified that he was thoroughly sober, had not had but one or two drinks and that those drinks had made no ill effects on him, on the contrary, his mood, as he recalled it, was one of peace and happiness, and that he was friendly with the entire world, and that as a result of this peaceful mood, he was merely inviting the prosecuting witness, whom he had never seen before, to go deer hunting with him, the defendant, the following morning, and to contradict this testimony on the part of the defendant, the state introduced the witness whose testimony is complained of in this bill of exceptions, who testified to the facts contained in the bill and other facts regarding the conduct and actions of the defendant about 30 minutes before the time that the shooting of the prosecuting witness took place, and then gave it as his opinion, based on his observance of the facts outlined and from his other conduct, that the defendant was drunk; and also all of the testimony brought out from this witness by the state was fully gone into and more of like testimony brought out by the defendant himself."

It is not clear that it was improper for the witnesses to state the facts upon which they based their opinion that appellant was drunk, notwithstanding such facts indicated that appellant was guilty of another offense. Again, appellant having testified that he had no ill-will toward anyone on the night in question, it would not seem to be improper to show that he committed an act thirty minutes previous to the assault indicating ill-will toward all persons with whom he came in contact. However, it is unnecessary to determine whether the testimony was admissible upon the grounds mentioned. Without objection on the part of appellant, the state proved that immediately after the assault upon the injured party, and after appellant had left the scene, he drew a knife upon persons who were endeavoring to aid him, and threatened to kill one of them. This proof got before the jury substantially the same conduct on the part of appellant as did the testimony to which objection was interposed. Hence, if the testimony objected to

was inadmissible, we are constrained to overrule appellant's contention that the matter presents reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.