## MACKEY v. STATE.

### No. 27026.

Court of Criminal Appeals of Texas.

June 16, 1954.

Lee Ducoff, Houston, for appellant.

Ewing Werlein, Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted under Art. 535c, Vernon's Ann.P.C., and his punishment was assessed at fifteen years in the penitentiary.

The state's testimony shows that appellant was sitting in an automobile which was parked near the Berry School about 8:45 A.M. on May 7, 1953, with the prosecutrix sitting beside him; that one of the state's witnesses noted the license number of this automobile and reported same to the principal of the Berry School. It was further shown that appellant was seated in an automobile which was parked near Berry School from 7:30 to 8 A.M. on May 12, and was arrested for the offense here charged immediately afterwards.

The prosecutrix named in the indictment, an eight-year-old girl, testified that while she was walking to Berry School about 8:30 A.M. on May 7, 1953, appellant stopped, placed her in his automobile stating that he would drive her to school; and that appellant later parked his automobile near some high weeds a short distance from the school building. She further testified that after stopping the automobile he unzipped his pants, placed her hand on his private parts, rubbed up and down until there was a discharge, then took his handkerchief and wiped her hand and his privates; that appellant gave her a dime, told

her not to tell anybody, and took her to school. She further testified that prior to May 7, appellant had been in her home several times to repair their television set.

Appellant, testifying in his own behalf, stated that he did not see the prosecutrix on May 7, 1953, and denied taking her to school on that date. Appellant stated that on this date he arrived at his mother's home about 7:50 A.M. and remained there until about 10 A.M. Appellant's version of his whereabouts on the day in question was supported by his mother and sister, who testified that he was at the mother's home during this period.

■ The jury resolved the issue of guilt against appellant and we find the evidence sufficient to sustain the conviction.

Appellant contends that the court erred in overruling his motion for an instructed verdict upon the ground that the evidence shows said girl to be an accomplice, and in the absence of any evidence corroborating her testimony, the evidence is insufficient to sustain a conviction.

The testimony of the girl shows that appellant stopped her on the way to school "and put me in the car," then parked his automobile, unzipped his pants, "took out" his privates and asked her to put her hand on his privates, which she refused to do, then "he put my hand on it, and made me rub up and down on it." The evidence shows that the alleged act was committed on Thursday morning and that the girl did not tell anyone about appellant's conduct until asked about it by her mother and others on the following Monday, the fourth day after the alleged act.

■ We need not here determine whether said child, being under nine years of age, could be an accomplice, nor whether she had discretion sufficient to understand the nature and illegality of the act constituting the offense, since the facts in this case show that she did not consent or in any way agree to, or participate with similar intent in the conduct of appellant as alleged.

No error is shown in the action of the court in overruling appellant's motion for an instructed verdict.

By Bill of Exception No. 1, appellant complains of the refusal of his motion for a continuance due to the illness of his attorney during the night prior to the trial which caused him to be unable to properly represent him on the trial.

The court stated in his qualification to this bill that the appellant was ably represented by said attorney, and there is nothing in the record showing otherwise.

■ This is an equitable motion as distinguished from a statutory motion for a continuance and, as such, is addressed to the discretion of the trial court. We find nothing here showing an abuse of discretion by the court in refusing the continuance. Day v. State, 123 Tex.Cr.R. 9, 57 S.W.2d 581.

By Bill of Exception No. 2, appellant contends that the court erred in holding that the answers of the prosecutrix of "Yes" and "Yes, sir," to questions asked by the state's attorney and the court while testing her qualifications as a witness was sufficient to show her competency, and also complained of the court's refusal to withdraw the same from the consideration of the jury.

■ Appellant made no request that the witness' competency be tested in the absence of the jury and made no objection to such examination, thus his subsequent motion to exclude the testimony concerning her qualifications as a witness was properly refused. The record reflects that the witness understood that she would be punished if she did not tell the truth, and her testimony reveals that she intelligently related the transaction about which she was interrogated.

■ The court's qualification to this bill states that from his examination of the witness he was of the opinion that she was qualified. The competency of the witness rests in the discretion of the trial judge,

and no abuse of such discretion is here shown. Osborne v. State, 106 Tex.Cr.R. 310, 292 S.W. 240.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.