## M. THOMAS HOLMES v. STATE

No. 29,048. May 29, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 23, 1957.

*Percy Foreman,* Houston, (On appeal Only) for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Howell E. Stone,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is attempting to fondle the sexual parts of a female child under the age of fourteen years, as denounced by Article 535d, V.A.P.C.; the punishment, five years.

Because the appellant, testifying in his own behalf, admitted taking the little girl for a ride in his automobile on the day in question, only a brief summary of the state's case in chief will be made.

The eight-year-old injured girl testified that she and her brothers and sisters attended a community party at Stude Park in the city of Houston where they first went swimming and then dressed and engaged in organized games, during which time she saw and spoke to the appellant, who had called at her home as a Jewel Tea salesman. She stated that she and one of her sisters sat in the appellant's automobile and drank a coca-cola, which the appellant had given them the money to buy, and that she then went to swing. She then stated that the appellant called her over to his automobile and asked her if she wanted to go for a ride. She testified that she demurred at first and finally the appellant took her by the arm, helped her in the automobile, and they drove away from the park to a stand somewhere else in Houston Heights, where the appellant parked his automobile and sent her to buy two ice cream cones. She stated that during their trip to and from the ice cream stand the appellant "pulled me by his side," "put his hands under my shorts," "felt me around my body," "down here where my pee-pee is." She stated that when they returned to the park she got out of the appellant's automobile and ran to her older sister crying, "because I was afraid of him."

The injured girl's older sister saw her leave the park in an automobile with a man and notified the park director, who then notified their mother and the police.

Upon his return to the park, one of the park directors engaged the appellant in conversation until the injured girl's father and the police arrived. Another of the female attendants at the park, all of whom were on the alert, went to the injured girl as she ran from the appellant's automobile and carried her into

the clubroom, where she quieted her crying and then questioned her about why she had left the park. According to the witness, the injured girl told her that the appellant had promised to buy her ice cream if she would go for a ride with him and that during the course of the ride he had "felt around on her with his hands," demontrating to her how he put his hand up her "big-legged shorts" and felt of her sexual privates.

As stated in the beginning, the appellant admitted taking the child for a ride and buying her ice cream but denied any indecent familiarity with the child.

Appellant's able counsel asks for a reversal of this conviction upon the insufficiency of the evidence and because of the admission of the res gestae outcry of the injured girl. He points to a number of occasions during the examination of the injured child where she answered questions "I don't know." As we stated in Botello v. State, 161 Texas Cr. Rep. 207, 275 S.W. 2d 814, "This type of case gives this court some of its greatest concern and receives the most careful scrutiny." We have examined the injured child's testimony most carefully and find it logical, understandable and reasonably clear considering her age. We find the evidence sufficient to support the conviction.

As to the outcry, we recently in Haley v. State, 157 Texas Cr. Rep. 150, 247 S.W. 2d 400, had occasion to discuss fully the admissibility of such evidence. We have concluded that the rules there announced are here controlling and that such evidence was properly introduced in the case at bar.

Finding no reversible error, the judgment of the trial court is affirmed.