### IRVIN FRANKS V. STATE.

No. 29,846. June 4, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 28, 1958.

*Little & Zorn,* by *J. W. Girardeau,* Baytown, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is sodomy; the punishment, five years.

Archie, the boy involved in this prosecution, testified that on

the morning in question he and his cousin, aged seven, and his little brother, aged eight, were walking down the street when the appellant called, "Hey, little boy, come here," from his front door; that he went to the door and the appellant "pulled me in his house;" that when the other boys saw this they ran to his home, which was nearby; that after the appellant got him in his house, "he made me sucka hisself." He explained this by saying that the appellant told him to get on his knees and instructed him to put his (the appellant's) penis in his mouth and after this the appellant took his (the witness') penis out of his pants and sucked on it, and that this hurt his privates. He stated further that after the appellant had a discharge they each drank a soda water and that he started home, met his mother, and told her what had occurred. He stated that he was nine years old but did not know when he was born.

Archie's mother testified that on the day in question, after receiving a report from the other boys, she went in search of her son and met him running from the appellant's home crying; that he immediately related what had occurred, told her the appellant had threatened to kill him if he told; and that she examined his penis and found it swollen. She gave Archie's birthday, which would make him 8 years and 10 months old at the time in question.

Appellant did not testify in his own behalf but called a lady friend that testified that she had visited Archie's mother after the day charged in the indictment for the purpose of discussing the case and that Archie's mother had said that "she had to get" $75.00 or $100.00 from the appellant but did not tell her what the money was for. She testified further, without objection, that the appellant was not "that kind of a man * * * because I have even got out of bed and let him have it for him and his girl friend."

Archie's mother denied the conversation about the money.

Only three questions are presented for review. We will discuss them in the order advanced by appellant's able attorneys in their brief.

The trial court refused to charge the jury that Archie was an accomplice and refused to submit the question of his being one.

We must assume from this record that Archie was under 9

years of age. Recently, in Mackey v. State, 160 Texas Cr. Rep. 296, 269 S.W. 2d 395, we had before us the identical question, and we there said:

"We need not here determine whether said child, being under nine years of age, could be an accomplice, nor whether she had discretion sufficient to understand the nature and illegality of the act constituting the offense, since the facts in this case show that she did not consent or in any way agree to, or participate with similar intent in the conduct of appellant as alleged."

So, likewise, here we need not decide whether Article 30, V.A.P.C., prevents a child under the age of nine from being an accomplice. While it is true that Archie testified that he knew he was doing something wrong at the time, we find from the other facts set forth above that he did not willingly participate in the unlawful act, and hold that the court did not err in refusing the requested charge. See also Botello v. State, 161 Texas Cr. Rep. 207, 275 S.W. 2d 814, and Hutson v. U.S., 238 Fed. 2d 167.

Appellant next contends that Archie was not shown to be a competent witness. Recently, in our opinion on rehearing in Hines v. State, 160 Texas Cr. Rep. 284, 268 S.W. 2d 459, we had occasion to discuss the question of the competency of a minor witness at some length, and we have concluded that under the rules there announced Archie was shown to be a competent witness. He stated that he knew if he told something which was untrue he would "catch a whipping." From an examination of his testimony, we have concluded that it is "logical and probably true."

Appellant's last complaint relates to Archie's res gestae reports to his mother concerning his own penis. This did not relate to another offense, and we have concluded that the rules of outcry so often applied in cases involving minor females should also apply to minor males. See Haley v. State, 157 Texas Cr. Rep. 150, 247 S.W. 2d 400.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.