No. 30,444. March 4, 1959.
Motion for Rehearing Overruled April 15, 1959.

DAVIDSON, Judge, dissented.

*Polk Shelton, Douglass D. Hearne* and *Cofer & Cofer* (by *John D. Cofer*), Austin, for appellant.

*Les Procter,* District Attorney, *Robert O. Smith,* Assistant District Attorney, and *Leon Douglas,* State's Attorney, all of Austin, for the state.

DICE, Judge.

The offense is sodomy; the punishment, 13 years.

The prosecuting witness, a young single woman, who was 20 years of age on the date of the alleged offense testified that on such date around 3:30 P.M. while she was walking on the sidewalk on Congress Avenue in the city of Austin the appellant came up to her and asked if she knew him; that she replied that he looked familiar and appellant proceeded to walk along beside her; that while they were crossing Congress Avenue appellant asked where there was some good entertainment and

requested her to show him where the "Tower" was located; that she told him "no," that she had to go to church, whereupon he got her by the hand and took her to his automobile parked nearby; that she got in the automobile and after appellant told her he just wanted her to show him where the "Tower" was and that he would come right back, he backed the car out and drove down Congress Avenue; that after she had pointed the "Tower" out to him the appellant, instead of driving back toward the state capitol, drove west out of the city on a highway and after passing through Oak Hill turned off of the highway and drove into a cemetery and stopped. In describing the events which thereafter transpired the prosecuting witness testified that after appellant stopped the car he first pulled·her over to his side and kissed her; that she struggled to get out; that appellant then unzipped his pants and told her to take hold of his private parts; that she again struggled and tried to get out and appellant hit her across the face; that she was screaming and crying and appellant told her if she did not do what he wanted her to do, she would be in serious trouble and indicated he was going to try and rape her; that she again tried to get out of the car; that she was afraid appellant would rape or kill her and she did not want to become pregnant; that appellant then forced her to put her mouth on his private parts by holding her head down while he was counting to a hundred and until he reached a climax; that appellant then drove out of the cemetery and started toward Austin; that while driving on the highway appellant said he wanted her "to go and do that again" and turned the automobile around and while making a U-turn she jumped out of the automobile and got into an automobile with a couple who were passing at the time.

The state called as witnesses Mr. and Mrs. Bobby Gene Anderson, the couple in the passing automobile, who corroborated the testimony of the prosecuting witness relative to her jumping from the appellant's automobile and described her as being hysterical, crying, scared and sobbing when she got into their automobile.

Appellant did not testify or offer any evidence in his behalf.

In submitting the case to the jury the court submitted the issue as to whether the prosecuting witness was an accomplice and in connection therewith instructed the jury that unless they found and believed from the evidence beyond a reasonable doubt "that the said (prosecuting witness) did not consent to the commission of the offense, if any, and that she did object to the

commission of the offense, if any, and was caused to commit the offense, if any, against her will by force or threats" that she was an accomplice and in such an event they would acquit the appellant.

Appellant insists that the court erred in submitting the issue to the jury and in not holding that she was an accomplice as a matter of law and directing the jury to acquit him.

It is appellant's position that the prosecuting witness, by admitting her participation in the offense which she knew was wrong, became an accomplice from which she could not excuse herself by her own uncorroborated statement that she participated in the act because she was afraid and forced to do so by the appellant. Appellant cites certain cases, including Howard v. State, 92 Texas Cr. Rep. 221, 242 S.W. 739, and Willman v. State, 92 Texas Cr. Rep. 77, 242 S.W. 746, which support his contention that an accomplice cannot corroborate himself and extricate himself from such position by his own statements that he was forced to participate in the criminal act.

While the rule relied upon by appellant may be correct we think it has no application under the facts in the case at bar.

The only evidence touching on the question of whether the prosecuting witness was an accomplice is found to her testimony alone. Her testimony is undisputed that she did not agree or consent to participate in the act. There is no evidence that she participated with any lascivious intent, as did the appellant, but on the contrary her testimony shows that she had no such intent.

Under such facts the prosecuting witness was not shown to be an accomplice as a matter of law nor was an issue raised as to her being an accomplice. Mackey v. State, 160 Texas Cr. Rep. 296, 269 S.W. 2d 395; Botello v. State, 161 Texas Cr. Rep. 207, 275 S.W. 2d 814, and Franks v. State, 166 Texas Cr. Rep. 455, 314 S.W. 2d 586.

Appellant makes certain complaints to that portion of the court's charge which submitted to the jury the issue as to whether the prosecuting witness was an accomplice. Since the issue was not raised and a charge thereon was not required we pretermit a discussion of the complaints other than to observe that we find no error in the charge as given which was calculated to injure the rights of the appellant.

Appellant's last complaint is to the action of the court in permitting the prosecuting witness to testify that she had never had intercourse with anyone and had never before placed her mouth upon the private parts of any man. Appellant in his brief insists that the testimony should not have been admitted because it was an effort on the part of the state to bolster its own witness by proving her good reputation for virtue and chastity which reputation had not been attacked by the appellant. When the testimony was offered appellant made no such objection to its admissibility but objected on the ground that "it is wholly irrelevant and immaterial and prejudicial, and has no bearing on the offense charged." The objection made by appellant was too general to point out the grounds of objection now urged and presents no error. Hickox v. State, 104 Texas Cr. Rep. 649, 285 S.W. 621; Adams v. State, 158 Texas Cr. Rep. 306, 255 S.W. 2d 513; Hill v. State, 163 Texas Cr. Rep. 331, 290 S.W. 2d 677; Rice v. State, 163 Texas Cr. Rep. 367, 292 S.W. 2d 114, and Hutson v. State, 164 Texas Cr. Rep. 24, 296 S.W. 2d 245.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge (dissenting).

Under our present statute, Art. 524, Vernon's P.C., as amended, one is guilty of the crime of sodomy who (a) has carnal copulation with another human being in the mouth and (b) uses his mouth on the sexual parts of another human being for the purpose of carnal copulation.

In Furstonburg v. State, 148 Texas Cr. Rep. 638, 190 S.W. 2d 362, we had occasion to determine the meaning of the term "carnal copulation" as being the same as "sexual intercourse" —that is, that carnal copulation meant sexual intercourse.

The indictment in this case alleged that appellant did unlawfully have "carnal copulation with Shirley Ann Johnson" in her mouth.

That allegation, in effect, was that appellant engaged in an act of sexual intercourse with the prosecutrix by inserting his sexual organ in her mouth.

Upon the face of that indictment, Shirley Ann Johnson was

an accomplice witness, as a matter of law, to the unlawful act alleged, because she was a party to the act of sexual intercourse, without her participation in the act the offense was not and could not have been committed.

All persons are principals who are guilty of acting together in the commission of an offense. Art. 65, P.C.

As pointed out, it takes two persons to consummate an act of sexual intercourse. Therefore, the crime of sodomy by carnal copulation may be consummated only by two persons.

The adultery and fornication statutes, Arts. 499 and 503, P.C., support that conclusion. In those statutes, sexual intercourse between two persons is the gist of the offense, without which joint action those statutes are not violated.

In keeping with that construction, for over seventy-five years this court has consistently held that the paramour in adultery and fornication cases is an accomplice witness, as a matter of law, when testifying for the state. Branch's P.C., Vol. 2, Sec. 1065; Merritt v. State, 10 Texas App. 402, delivered in 1881.

The prosecutrix was an accomplice witness as a matter of law for two reasons (a) the statute and (b) the allegations of the indictment.

The appellant was entitled to have the jury so instructed. This instruction was denied, over his protest.

The trial court deemed the facts sufficient to warrant the conclusion by the jury that the prosecutrix was not an accomplice witness.

It was the burden of the state to establish such facts, and in submitting that question to the jury the trial court should have so framed his charge.

In connection therewith, the jury should have been instructed to the effect that the accomplicity of the prosecutrix as a witness could not be destroyed by her uncorroborated testimony.

I dissent.