Frederick Charles **HULIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41796.

Court of Criminal Appeals of Texas.

Jan. 22, 1969.

Rehearing Denied April 9, 1969.

Bill Cannon, Houston (Court appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Joe Maida, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is indecent exposure to a minor under the age of 16 years; the punishment, assessed by the jury, 15 years' confinement in the Texas Department of Corrections.

The sufficiency of the evidence to sustain the conviction is not challenged, and

we deem it unnecessary to set forth the sordid details described by the 12-year-old complaining witness, who was eleven at the time of the alleged offense.

In his sole ground of error appellant contends the trial court erred in admitting into evidence a prior out of court statement of the complaining witness consistent with his testimony when such witness had not been impeached in any way, manner or form.

When the State rested its case in chief on the issue of guilt or innocence, appellant's counsel, upon demand, secured the prior statement of the complaining witness and then subsequently was handed the entire State's file apparently including the arresting police officer's report.

Appellant then recalled the complaining witness for further cross-examination and established that he had in fact given a written statement to the police approximately two hours after the alleged offense. Thereafter he attempted to show that such witness had made other and different statements inconsistent with his testimony. Upon re-direct examination the State had the complaining witness identify State's Exhibit #1 as the statement he gave the police but it was not offered.

Testifying in his own behalf appellant, a carnival worker, denied the incident occurred, and further stated he had read the statement in question, that it was not true and he did not have any idea why the boy would say "that."

Thereafter the State offered such exhibit into evidence expressly upon the basis of the cross-examination of the complaining witness and the appellant's testimony. The exhibit was admitted over the sole objection that the statement had not been properly proved up.[1]

It is appellant's claim that by such action the State was permitted to bolster its witness by proof that he had made a statement in harmony with his trial testimony when he had not been attacked on the testimony sought to be supported. See 1 Branch's Anno.P.C. 2nd Ed., Sec. 204, p. 231. See also 62 Tex.Jur.2d, Witnesses, Secs. 317, 318, 319, 320.

It is true that "[w]here there has been no attempt to impeach a witness the mere fact that his testimony was shaken on cross-examination is not usually regarded as opening the door to proof of consistent statements." Further, "[a] mere contradiction by other witnesses is not such an impeachment as will authorize the introduction of a former consistent statement to corroborate the witness." Texas Law of Evidence, McCormick and Ray, 2nd Ed., Sec. 774, pp. 554–555.

We need not, however, determine whether appellant's action constituted impeachment, attempt to impeach or an imputation of recent fabrication so as to authorize the introduction of the prior consistent statement. We observe that when the exhibit was offered no objection on the ground now urged was made and called to the trial court's attention and thus no error is presented for appellate review. Press v. State, 168 Tex.Cr.R. 1, 322 S.W. 2d 525; 5 Tex.Jur.2d, Appeal and Error—Criminal cases, Sec. 41, p. 68. Cf. also Johnson v. State, Tex.Cr.App., 378 S.W.2d 76, where it was held that though cross-examination of the witness may not have made admissible the prior statement in question of the identifying witness, its admission into evidence did not constitute reversible error in absence of a showing of some probability of injury by its admission, even in death penalty cases.

Finding no reversible error, the judgment is affirmed.

DOUGLAS, J., not participating.

---

1. "Mr. Pribilski: I object to it. There hasn't been any proof that there was a statement. The boy said this is what he said and not the mother or somebody they took a statement from and them reducing it to writing for that reason we object to it being introduced into evidence."