**Forrest Edward McCARY, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44565.**

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Rehearing Denied April 5, 1972.

Melvyn Carson Bruder, Dallas (on appeal by appointment), for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Harry J. Schulz, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin where the punishment was assessed at twenty years by the court following a verdict of guilty.

The State's brief accurately summarizes the facts as follows:

"On November 27, 1968, State and Federal officers conducted a search of an apartment at 1615 Pennsylvania Avenue, Dallas, Texas, pursuant to a State search warrant. When Officer Hendry knocked on the front door, the officers heard a commotion inside the apartment. Being in fear that the people inside were either trying to escape or destroy evidence, the officers forced the door open and entered. Upon entry the officers found two men, C. E. Garrett and Henry Sneed. Besides finding alot of narcotic paraphernalia, the officers found 375 capsules of heroin and enough loose heroin to make another 600 capsules of heroin of the same grade.

"Approximately thirty minutes after initiating the search, officers heard a key being inserted in the front door. The officers jerked the door open and found the appellant standing alone at the doorway with an empty key ring in one of his hands. The key (State's Exhibit No. 6) was still in the door lock. At this point the appellant stepped back and with his left hand threw a clear vial away. The vial hit the balcony walkway railing, bounced back and came to rest near the appellant's left foot. Federal Agent Williams actually observed the vial in the appellant's left hand and the appellant throw it away. Further testimony proved that the vial (State's Exhibit No. 7) contained 15 capsules of heroin. Thereafter, the appellant was arrested and placed in jail.

"The appellant did not testify . . ."

■ In his first ground of error appellant complains of the trial court's action in (1) refusing to hold the search warrant affidavit invalid, in (2) failing to suppress fruits of the search because the officers forced their way into the apartment, and in (3) failing to charge the jury on the legality of the search pursuant to Article 38.23, Vernon's Ann.C.C.P. It is clear that the ground of error is multifarious and that the same does not comport with the requirements of Article 40.09, Section 9, V. A.C.C.P. Nothing is presented for review.

Further, we observe that the search warrant affidavit clearly meets the two-prong test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. The officers were thus legally on the premises in question by virtue of a valid search warrant when they saw the appellant discard the vial later shown to contain heroin. The vial was recovered from the floor where appellant had thrown the same and was not recovered as a result of a search of appellant's person. It was this vial and its contents upon which appellant's conviction was predicated.

■ Still further, we find no objection during the trial to the search on the ground the officers forced their way into the house. See Martinez v. State, 437 S. W.2d 842 (Tex.Cr.App.); Hall v. State, 450 S.W.2d 90 (Tex.Cr.App.). It is observed the officers knocked on the door, attempting to comply with Article 18.16,

V.A.C.C.P., when they heard a commotion inside. Fearing that those inside were attempting to escape or destroy evidence, the officers entered the apartment and arrested Sneed and Garrett. Such action was not improper under the circumstances. See Articles 18.06 and 18.20, V.A.C.C.P. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.

■ And we find no evidence raising an issue that would require a charge under Article 38.23, V.A.C.C.P.

Next, appellant contends the court erred in refusing to dismiss the jury panel after the prosecutor during the voir dire examination stated "The defendant has a right to testify, but the law says that he does not have to testify." The objection, coupled with a motion to dismiss the jury panel, was overruled. Thereafter, the prosecutor stated: "In a case, the Defendant has a right to sit there mute and doesn't have to testify, the law says that he can and . . ." An objection was again interposed and overruled. The matter was not further pursued.

Appellant relies upon Article 38.08, V.A.C.C.P. and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 and Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, among other authorities. See also Article I, Sec. 10, Texas Constitution, Vernon's Ann.St.; Fifth Amendment, United States Constitution.

■ It is well settled that for statement to offend against the statute (Article 38.08, supra) the language utilized must be considered from the jury's standpoint and the implication that language used had reference to the accused's failure to testify must be a necessary one. Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967) and cases there cited. "It is not sufficient that the language might be construed as an implied or indirect allusion thereto." Richardson v. State, 172 Tex.Cr.R. 299, 356 S.W.2d 676 (1962).

In the instant case, unlike most of those relied upon by the appellant, the complained of statements were made during the voir dire examination of the jurors and not during jury argument after the conclusion of the testimony. The record does not reflect that appellant informed the court or the prosecutor that he would not testify in the case. No motion in limine was filed. Thus, the remarks were made at a time when State's counsel had no way of knowing whether the appellant would testify or not, see Deal v. State, 99 Tex. Cr.R. 385, 268 S.W. 746, reh. denied 99 Tex.Cr.R. 385, 269 S.W. 433 (1925); Locke v. State, 168 Tex.Cr.R. 507, 329 S. W.2d 873 (1960), and in connection with his effort to qualify the jurors and to exercise the State's peremptory challenges as well as those for cause. Cf. Wilkerson v. State, 119 Tex.Cr.R. 4, 45 S.W.2d 201 (1932).

While the prosecutor's statements were not complete statements of the law relating to an accused's failure to testify, the objections which interrupted such statements were not based on that fact but upon the fact that the prosecutor had mentioned it at all. No jury instruction or clarification from the court was sought. The motion urged was that the jury panel be dismissed.

■ We cannot conclude the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the subsequent failure of the appellant to testify so as to offend the statute. Ramos v. State, supra.

The court did not err in refusing to dismiss the jury panel.

We observe that subsequently at the conclusion of the guilt stage of the trial the court favorably responded to appellant's request to excise from the court's prepared charge any instruction as to the failure of the appellant to testify in his own behalf. See Smith v. State, 455 S.W.2d 748, 754 (Tex.Cr.App.1970).

■ Appellant makes complaint of the court's action "in sustaining the state's challenge for cause of a prospective juror."

Only a portion of the voir dire examination is in the record before us. It appears that in response to questions about any interest in the outcome of a criminal case the prospective juror informed the attorneys her son-in-law was under indictment for possession of marijuana and that his trial was to be held the following week. After additional questions the prospective juror stated " . . . I would try to be a fair and impartial juror but I feel like that, even so, that these facts that are so close to my own family would probably influence me." She was then excused over objection.

Article 35.16(a), Section 9, V.A.C.C.P. provides that either the State or the defendant may challenge for cause any prospective juror that ". . . has a bias or prejudice in favor of or against the defendant; . . ."

Article 35.21, V.A.C.C.P. provides that "The court is the judge, after proper examination of the qualifications of a juror, and shall decide all challenges without delay and without argument thereupon."

Under the circumstances we can perceive no abuse of discretion.

■ Appellant also complains that court failed to respond to his written objection that in violation of Article 36.14, V.A.C.C.P. the court commented on the weight of the evidence and invaded the province of the jury when the court charged the jury as follows:

"Now bearing in mind the foregoing definitions and instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Forrest Edward McCary, Jr., did on or about the 27th day of November, 1968, as alleged in the indictment, in the County of Dallas and State of Texas unlawfully possess State's Exhibit No. 7, and that State's Exhibit No. 7 contained heroin, then you will find the defendant guilty as charged in the indictment and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, 'Not Guilty.' "

Appellant argues that a proper charge would have eliminated all references to specific pieces of physical evidence and the charge given deprived him of a jury determination whether the substance involved was heroin. We cannot agree with either proposition. By referring to a specific exhibit the court limited the basis for appellant's conviction which action was favorable to the appellant, and we do not read the charge as instructing the jury that the exhibit in fact contained heroin. We find no violation of Article 36.14, V.A.C.C.P.

■ On appeal for the first time, appellant complains that the foregoing charge removed all "elements of scienter" from the jury's consideration. This was not the objection urged during the trial. No special requested charge or objection to any portion of the jury instructions on this basis was made. Reading the charge as a whole we fail to find reversible error. See Article 36.19, V.A.C.C.P.

Appellant next urges that the court erred in admitting a pill box, eye dropper, spoon, heroin in a prophylactic, empty capsules and a bottle containing 375 capsules of heroin, all of which were found in the apartment. He contends these exhibits were not in his possession and that he had no possessory interest in the apartment.

When these exhibits were offered into evidence the appellant objected that the same were "immaterial and irrelevant" and were seized as a result of an illegal search.

■ These items were seized pursuant to a search warrant which we have determined to be valid and the "immaterial and irrelevant" objection was too general to preserve any error for review. Smith v. State, 437 S.W.2d 835 (Tex.Cr.App.1969);

Spencer v. State, 438 S.W.2d 109 (Tex.Cr. App.1969); 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Sec. 41. Further, the complaint that the items should not have been admitted since appellant had no possessory interest therein was not called to the trial court's attention. It is advanced for the first time on appeal. Hulin v. State, 438 S.W.2d 551 (Tex.Cr.App.1969); Press v. State, 168 Tex.Cr.R. 1, 322 S.W. 2d 525 (1959).

Next, appellant complains of the admission into evidence of Officer Hendry's testimony that he found a gun in a nightstand in the apartment. The subsequent objection was that "it was not relevant" and not "tied in any way to the defendant."

 Hendry was cross-examined on the same subject matter and still later, at appellant's request, the court instructed the jury to disregard all testimony concerning the gun. The possession of a pistol or gun in "one's own premises" is not a penal offense. See Article 484, Vernon's Ann.P. C.; Wilson v. State, 418 S.W.2d 687 (Tex.Cr.App.1967). There was thus no extraneous offense shown on the part of appellant or others. Under the circumstances the error, if any, was harmless.

Appellant also complains of five separate instances which he contends constituted a comment on the weight of the evidence. There was no objection to four of the instances. Thus, "where no objection was made to the trial judge's statements, and no request made to instruct the jury to disregard them, no error was presented on appeal." Howard v. State, 420 S.W.2d 706 (Tex.Cr.App.1967); Ferrell v. State, 429 S.W.2d 901 (Tex.Cr.App. 1968); Franklin v. State, 409 S.W.2d 422 (Tex.Cr.App.1966).

The fifth remark came when appellant's counsel voiced disapproval of a witness being allowed to testify about how a drug addict uses a spoon to prepare heroin for use. Following the objection the court stated:

"It is not connected up with this Defendant. It is not going to hurt this Defendant."

In order for the statement or remark of the trial judge, assertedly on the weight of the evidence, to constitute reversible error, "there must be found in the trial judge's remarks a benefit to the State or injury to the accused." Garcia v. State, 427 S.W.2d 897 (Tex.Cr.App.1968); Smith v. State, 446 S.W.2d 317 (Tex.Cr.App.1969).

We do not view the remark as constituting reversible error.

Appellant's "additional points of error" are merely listed without citation of authorities or argument. Reference is made to certain page numbers in the record. The court is left to speculate as to real meaning of any such grounds of error. Appellant's astute counsel is surely aware that there has been no compliance with Article 40.09, Sec. 9, V.A.C.C.P. Nothing is presented for review.

The judgment is affirmed.