Jack **DYCHE**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44923.

Court of Criminal Appeals of Texas.

April 26, 1972.

John K. Coil, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for sale of heroin. Punishment was assessed by the jury at fifty-five years.

The testimony of Officer Lee, an undercover agent for the narcotics section of the Dallas Police Department, reflects that he spent considerable time at an apartment complex managed by appellant on Bryan Avenue in Dallas and observed use of narcotics by the occupants before purchasing a substance found to contain heroin for seven dollars from appellant.

At the outset, appellant contends that his rights as guaranteed by the Sixth and Fourteenth Amendments to the Constitution were denied, in that his counsel in the trial court was ineffective.

The only court-appointment of counsel shown in the record is for appeal. Thus, we must assume that appellant was represented by retained counsel in the trial court.

The active participation of appellant's trial counsel is reflected by objections to introduction of evidence and on at least one occasion, urging a motion for mistrial, the filing of numerous motions, among which were a motion to quash the indictment, motion in limine to prevent State from introducing certain evidence, motion to compel State to list witnesses and motion for instructed verdict.

Appellant's complaint for the most part concerns trial counsel's failure to object to testimony concerning the use of drugs by appellant's sister and other occupants of the apartment complex. Appellant testified that in his effort to protect his sister from narcotic peddlers and users, he had reported drug violations to the police. The failure of counsel to object to the complained of testimony appears to be consistent with the defense offered in the trial court.

The record does not show or reflect any willful misconduct by retained counsel without appellant's knowledge which amounts to a breach of legal duty of an attorney. See Trotter v. State, Tex.Cr.App., 471 S.W.2d 822; Lawson v. State, Tex.Cr.App., 467 S.W.2d 486.

Appellant complains of the admission into evidence, over his objection, of testimony of the addictive nature of heroin.

Witness Anderson, a chemist of the County Criminal Investigation Laboratory, testified that, "Heroin is the most addictive narcotic known." That heroin is highly addictive is a matter of the most common knowledge, and we fail to see how appellant was harmed by such testimony. Further, appellant's objection to this testimony was, ". . . . that it is irrelevant and immaterial and has no bearing whatsoever." The objection being general, nothing is presented for review. Russell v. State, Tex.Cr.App., 468 S.W.2d 373; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Spencer v. State, Tex.Cr.App., 438 S.W.2d 109.

Appellant complains of the admission of testimony of illegal activities engaged in by one Maxy Burns.

After Officer Lee testified regarding the purchase of heroin from appellant, he was asked if he actually observed anyone taking narcotic drugs at appellant's apartment. Lee's answer was, "Maxy Burns," to which appellant objected as follows, "Your Honor, we object to that." The objection made fails to point out the grounds of objection and presents nothing for review. McLain v. State, Tex.Cr.App., 383 S.W.2d 407; Press v. State, 168 Tex. Cr.R. 1, 322 S.W.2d 525. No objection was made to other testimony of the witness Lee regarding Maxy Burns "shooting morphine." Thus, nothing is before us for review. Verret v. State, Tex.Cr.App., 470 S.W.2d 883; Smith v. State, Tex.Cr.App., 437 S.W.2d 835.

Appellant has filed a pro se brief in which he complains of entrapment. The court instructed the jury on the law of entrapment in his charge and this defense was rejected by the jury.

We have considered other grounds urged by appellant in his pro se brief and find them to be wholly without merit.

The judgment is affirmed.

Opinion approved by the Court.